# STITES HARBISON PLLC
### ATTORNEYS

March 16, 2016

400 West Market Street
Suite 1800
Louisville, KY 40202-3352
(502) 587-3400
(502) 587-6391 FAX

Michael T. Leigh
(502) 681-0583
(502) 779-8859 FAX
mleigh@stites.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/16

**BY FACSIMILE (212) 805-6382**

Hon. Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

> RE: *MHS Capital LLC, et al. v. Keith Goggin, et al.*, Case No. 1:16-cv-01794-VM;
> Request for Pre-Motion Conference – Motion to Transfer Venue

Dear Judge Marrero:

On behalf of Defendant John Collins, I write pursuant to the Court's individual rules to request a pre-motion conference to discuss Mr. Collins's forthcoming Motion to Transfer Venue of this action to the United States District Court for the Eastern District of Kentucky.

This matter was removed to this Court on March 9, 2016 pursuant to 28 U.S.C. § 1452. The basis for federal jurisdiction is that the claims asserted by Plaintiffs MHS Capital, LLC and East Coast Miner, LLC arise in and relate to a bankruptcy case pending before the Bankruptcy Court for the Eastern District of Kentucky, styled *In re Licking River Mining, LLC*, Case No. 14-10201-tmw (Bankr. E.D. Ky.) (the "Bankruptcy Case").

As the claims asserted in the above-referenced action arise in and relate to the pending Bankruptcy Case, this case should be transferred to the Kentucky District Court for referral to the Bankruptcy Court for the Eastern District of Kentucky (the "Kentucky Bankruptcy Court"). As will be set forth more fully in Mr. Collins's Motion, this action should be transferred because, *inter alia*:

- The allegations in the instant case both "arise in" and "relate to" the Bankruptcy Case. Plaintiffs assert that Collins, a former officer and director of the corporate debtors in the Bankruptcy Case, breached fiduciary duties allegedly owed to Plaintiffs by, *inter alia*, mismanaging the business of the corporate debtors, engaging in self-dealing, and improperly transferring assets of the debtors to Ember Energy, LLC, a company partially owned by Collins. (State Ct. Compl. ¶¶ 43–45, 78–88. ECF No. 1-1.) In reality, Mr. Collins's actions and Ember Energy's purchase of assets was specifically authorized by an Order entered by the Kentucky Bankruptcy Court after a public auction and evidentiary hearing, of which Plaintiffs had notice and failed to object. The allegations against

# STITES HARBISON PLLC
ATTORNEYS

Hon. Victor Marrero
March 16, 2016
Page 2

- Mr. Collins will entail interpreting and enforcing orders entered by the Kentucky Bankruptcy Court, including the sale order which authorized the Ember Energy transaction. Further, claims against Mr. Collins for pre-petition breaches of fiduciary duty are property of the estate and may be pursued, if at all, by the Trustee. *See, e.g., Mitchell Excavators v. Mitchell*, 734 F.2d 129, 131–32 (2nd Cir. 1984); 28 U.S.C. § 1334(e) (bankruptcy district has exclusive jurisdiction over property of the estate).

- Under 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This case was removed to federal court by virtue of core bankruptcy jurisdiction, and as a result the "the district in which the underlying bankruptcy is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *In re Manville Forest Prods. Corti.*, 896 F.2d 1384, 1391 (2nd Cir. 1990); *Delaware Trust Co. v. Wilmington Trust, N.A.*, 534 B.R. 500, 521 (S.D.N.Y. 2015) (core intercreditor dispute transferred to bankruptcy district). This Court should apply the *Manville* presumption and transfer this action to the Kentucky District Court.

- A majority of the factors to be considered in deciding a transfer request, including the convenience of the witnesses; the convenience of the parties; the location of relevant documents and the relative ease of access to sources of proof; the locus of operative facts; and judicial economy and the interests of justice, weigh in favor of transfer. *See Lothian Cassidy, LLC v. Lothian Expl. Dev. II*, 487 B.R. 158, 166 (S.D.N.Y. 2013).

Respectfully submitted,

Michael T. Leigh
Brian H. Meldrum (*pro hac vice* forthcoming)

cc: Stanley S. Arkin, Esq. - via fax to (212) 333-2350
Alex Reisen, Esq. - via fax to (212) 333-2350
(*counsel for Plaintiff*)

Taft A. McKinstry, Esq. – via fax to (859) 255-3735 and email to
TMcKinstry@FowlerLaw.com
(*counsel for Mr. Goodwin and Mr. Goggin*)

Daniel J. Donnellon, Esq.via via fax to (513) 762-7910 and email to
DDonnellon@bgdlegal.com
(*counsel for Phaedra Sprudlin, Chapter 7 Trustee of U.S. Coal*)

---

*[Handwritten stamp/order:]* The parties are directed to respond by 3-23-16, by letter not to exceed three (3) pages, to the matter set forth above by defendant John Collins, showing cause why the relief requested should not be granted, transferring this action to the Kentucky Bankruptcy Court. SO ORDERED.

3-18-16
DATE     VICTOR MARRERO, U.S.D.J.