# BINGHAM GREENEBAUM DOLL LLP

**Daniel J. Donnellon**
Direct 513-455-7610 | Fax 513-762-7910
E-mail ddonnellon@bgdlegal.com

March 18, 2016

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/18/16

*Via Facsimile: (212) 805-6382*

Hon. Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

>   Re:   In re: MHS Capital LLC, et al. v. Keith Goggin, et al.
>         Case No. 1:16-cv-01794-VM
>         Response of Bankruptcy Trustee relating to Pre-Motion Conference – Motion to
>         Transfer Venue

Dear Judge Marrero:

I write on behalf of Phaedra Spradlin, Chapter 7 Trustee of U.S. Coal and its affiliates in the case identified below. I write in response to a letter I received pursuant to the Court's individual rules regarding a pre-motion conference to discuss Defendant John Collins's forthcoming motion to transfer venue of this action to the United States District Court for the Eastern District of Kentucky. My client, Phaedra Spradlin, is the court-appointed Trustee in the administratively consolidated bankruptcies styled *In re: Licking River Mining, LLC, et al.*, Case No. 14-10201-twm, pending in the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Case"). As I understand it, the above-referenced case was removed to your Court because the allegations "arise in" and "relate to" the Bankruptcy Case. The Trustee certainly agrees that many of the allegations "arise in" and "relate to" the Bankruptcy Case.

There was previously a similar case commenced in New York State Court styled *CAMOFI Master LDC and CAMHZN Master, LDC vs. U.S. Coal Corp. et al.*, Index No. 650411/2012, which was later removed to the United States District Court for the Southern District of New York, and referred to the United States Bankruptcy Court for that district (Hon. Sean H. Lane) beginning Adversary No. 14-02049 (SHL). Some of the same defendants in the action presently before you were also defendants in that adversary proceeding. After considering both a motion to remand and a motion to transfer venue, Judge Lane transferred venue so the proceeding could become part of Bankruptcy Case in the Eastern District of Kentucky.

2350 First Financial Center, 255 E. 5th St.
Cincinnati, OH 45202

513.455.7600 main
513.455.8500 fax     www.bgdlegal.com

BINGHAM GREENEBAUM DOLL LLP

Hon. Victor Marrero
March 18, 2016
Page 2

In addition, the Trustee believes that some of the claims asserted in the action before you, including claims against the proposed movant, John Collins and the other claims in the action asserting breaches of fiduciary duty to *U.S. Coal* by any defendant, are claims that are property of the bankruptcy estate. *See Kalb Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993). Count I, paragraphs 103 and 105, specifically allege breaches of fiduciary duty to U.S. Coal. Only the Trustee, as opposed to an individual creditor, can assert such claims. Indeed, the Trustee has already brought such breach of fiduciary duty claims against defendants Keith Goggin and Michael Goodwin in a separate adversary proceeding in the Bankruptcy Case (Adv. Pro. No. 15-1004, Bankr. E.D. Ky.) and plans to bring additional such claims against defendant John Collins in a separate adversary proceeding. Accordingly, not only are some of the claims asserted already part of the Bankruptcy Estate, but also the relief sought would involve money that must be paid to the Bankruptcy Estate and would interfere with the Trustee's exclusive right to make such recoveries for the Bankruptcy Estate. Indeed, with respect to the other suit previously transferred from New York, *CAMOFI Master*, the Trustee has filed a motion to dismiss those claims as they belong exclusively to her. That motion has been fully briefed and argued and is pending before Judge Wise. In the event this action is not transferred to the Eastern District of Kentucky to become part of the Bankruptcy Case, then the Trustee may need to intervene in this case to seek dismissal of the claims that rightfully may only be brought by her.

Accordingly, the Trustee would support the proposed motion to transfer venue. For the reasons stated above, and in addition to the reasons set forth in the letter from Attorney Leigh representing John Collins, the Trustee believes transfer of this action to the Eastern District of Kentucky to become part of the Bankruptcy Case is appropriate. If there is a pre-motion conference relating to these issues, then the Trustee respectfully requests the opportunity to participate telephonically.

Respectfully yours,

Daniel J. Donnellon

DJD/kdn

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Phaedra Spradlin, Ch. 7 Trustee of U.S. Coal
>
> SO ORDERED.
>
> 3-18-16
> DATE     VICTOR MARRERO, U.S.D.J.

cc:  Stanley S. Arkin *(via fax (212) 333-2350)*
     Alex Reisen *(via fax (212) 333-2350)*
     Taft McKinstry *(via fax (859) 255-3735)*
     Michael T. Leigh *(via fax (502) 587-6391)*