

**ARKIN SOLBAKKEN LLP**

750 Lexington Avenue
New York, New York 10022
Tel: (212) 333-0200
Fax: (212) 333-2350

Stanley S. Arkin
Senior Partner
Direct Dial: (212) 333-0208
sarkin@arkin-law.com

March 18, 2016

**BY FACSIMILE (212) 805-6382**

Hon. Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007



Re:   *MHS Capital LLC, et al v. Keith Goggin, et al.*, Case No. 1:16-cv-01794-VM

Dear Judge Marrero:

This firm represents plaintiffs MHS Capital LLC ("MHS") and East Coast Miner LLC ("ECM") (collectively "plaintiffs"). We write in response to defendant Collins's pre-motion letter dated March 16, 2016 concerning his anticipated motion to transfer venue and in furtherance of our request that any such motion be stayed pending a determination of plaintiffs' motion to remand this case to state court.

### The Motion to Transfer Venue Should Await a Determination of Plaintiffs' Motion to Remand

Plaintiffs object to a venue transfer and will oppose that motion for the reasons set forth below. However, within the timeframe provided in the Federal Rules, plaintiffs intend to move to remand this case to the Supreme Court of the State of New York, County of New York, where it was instituted. Accordingly, we respectfully submit that Your Honor should stay defendant Collins's motion to transfer venue and first consider plaintiffs' motion to remand. As Your Honor stated in *Lothian Cassidy, LLC v. Lothian Exploration & Development II, L.P.*, 487 B.R. 158, 161 (January 28, 2013):

> When presented, with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address, the motion to transfer venue only if it first denies the motion, to remand.

*Id.*, quoting *Stahl v. Stahl*, No. CV 03 CV 0405, 2003 U.S. Dist. LEXIS 20112, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003).

Here, if plaintiffs' motion to remand is granted, the motion to transfer venue will be moot. Accordingly, a stay of defendant Collins's motion pending a determination of plaintiffs' motion to


**ARKIN
SOLBAKKEN LLP**

Hon. Victor Marrero
March 18, 2016
Page 2

remand will promote judicial economy, conservation of the parties' resources, and potentially avoid unnecessary motion practice. Therefore, we respectfully submit that the principle recited by Your Honor in *Lothian* applies here and that any motion to transfer venue should await a decision on plaintiffs' motion to remand.

### The Motion to Remand Should Be Granted

As defendant Collins concedes, there is no independent basis for federal subject matter jurisdiction over this case. There is no diversity – plaintiffs MHS and ECM and defendants Goggin and Goodwin are New York domiciliaries – nor is there a question arising under a federal statute. Instead, the sole claimed basis for federal jurisdiction is 28 U.S.C. § 1334 and the alleged relationship of this case to a Kentucky bankruptcy matter entitled *In re Licking River Mining, LLC*, Case No. 14-10201-tmw (Bankr. E.D. Ky.) (the "Bankruptcy Case"). However, 28 U.S.C. § 1334 only applies in very specific circumstances that are not present here.

Specifically, under 28 U.S.C. § 1334(a), the District Court only has exclusive jurisdiction of cases "under" Title 11, which means any case commenced by the filing of a Bankruptcy Petition. That is not applicable here. Pursuant to 28 U.S.C. § 1334(b), the District Court has *non-exclusive* jurisdiction over cases that "arise in" or "relate to" a case under Title 11, *i.e.*, a bankruptcy action. Under the circumstances of this case, however, this Court can potentially retain jurisdiction only if defendant Collins can show that this case "arises in" the Bankruptcy Case.

First, a case "arising under Title 11" means a case that seeks relief under a Bankruptcy Code provision. That is clearly not the case here, as Collins concedes. Second, 28 U.S.C. § 1334(c)(2) contains a mandatory abstention provision for cases that "relate to" a bankruptcy if a motion is timely made to remand any such case. Accordingly, even if the Court were to find that this case "relates to" the Bankruptcy Case – which, as shown below, it does not – the Court would still be required to abstain from asserting jurisdiction over this case upon plaintiffs' timely motion to remand. (We note that cases that merely "relate to" a bankruptcy are "non-core" proceedings. Thus, Collins's claim that this case is necessarily a "core" proceeding and that the *Manville* presumption applies is misplaced.) Thus, assuming that plaintiffs timely file their motion to remand, the only potential basis for federal jurisdiction over this case is if defendant Collins can show that it "arises in" the Bankruptcy Case. He cannot make any such showing.

As Your Honor analyzes in *Lothian*, the Second Circuit has outlined a three-pronged test to determine whether a case "arises in" a bankruptcy. The factors to be considered are: "(1) the dispute was based on the rights established in a sale order issued by the bankruptcy court; (2) the dispute involved interpretation of the bankruptcy court's orders; and (3) the dispute was already before the bankruptcy court as part of one of the party's claims against the estate." *Id.* at 162 (*citing In re Petrie Retail, Inc.*, 304 F.3d 223, 229-231 (2d Cir. 2002)). The claims in this case clearly do not satisfy these standards.


**ARKIN SOLBAKKEN LLP**

Here, plaintiff MHS, a member of ECM, seeks monetary damages against the manager of ECM, defendant Goggin, who, plaintiffs allege, usurped a corporate opportunity belonging to plaintiff ECM, thereby causing monetary damages to both ECM and MHS. Thus, in this case plaintiffs do not seek (1) any relief on behalf of or from US Coal Inc., the debtor in the Bankruptcy Case; (2) to overturn, reverse or otherwise impact in any way any order of the Bankruptcy Court in the Bankruptcy Case; (3) money damages from the Bankruptcy Estate; (4) money damages that must be paid into the Bankruptcy Estate; (5) to interfere with Ember Energy, LLC's interest in the assets it obtained in the Bankruptcy under the Sale Order referenced by defendant Collins in the March 16 Letter; or (6) to marshal assets into the estate under any claim that assets were wrongfully transferred out of the estate pre-petition. In sum, this case does not require the interpretation or enforcement of any of the Bankruptcy Court's orders and therefore cannot satisfy the requirements for "arising in" jurisdiction. In fact, this case will have no conceivable effect on the Bankruptcy Estate at all – and therefore it does not even "relate to" the Bankruptcy Case as that term is defined in the case law.

For these reasons, plaintiffs respectfully submit that there is no basis for this Court to assert jurisdiction over this case and it should be remanded to state court, where it was commenced.

### Plaintiffs' Opposition to the Motion Transfer

Should defendant Collins proceed with the motion to transfer, plaintiffs will vigorously oppose the motion as the factors to be considered on such a motion favor New York.

Plaintiffs' choice of forum was New York. Four of the five parties in the case – including two of the three defendants (Goggin and Goodwin) – are New York domiciliaries. A critical non-party witness, Stephen Nelson, Esq., whom plaintiffs allege assisted Goggin in his wrongful conduct, is a New York lawyer located in White Plains, New York. This is a particularly important factor supporting New York. *See e.g. Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990) ("While the convenience of party witness is a factor to be considered the convenience of non-party witnesses is the more important factor." (citation omitted.)) Finally, defendant Collins's argument that the locus of facts is based in Kentucky is premised on his assertion that this case arises in the Bankruptcy Case, which, as discussed above, is incorrect.

For these reasons, plaintiffs will vigorously oppose the motion to transfer venue to Kentucky should such motion proceed notwithstanding plaintiffs' motion to remand.

Respectfully submitted,

Stanley S. Arkin

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs MHS Capital and East Coast Member. Defendants are directed to respond by letter brief to plaintiff motion for remand set forth above.

SO ORDERED.

3-18-16
DATE   VICTOR MARRERO, U.S.D.J.