USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
MHS CAPITAL, et al.,                :
                                    :   16-cv-1794 (VM)
            Plaintiffs,             :
                                    :   DECISION AND ORDER
     - against -                    :
                                    :
KEITH GOGGIN, et al.,               :
                                    :
            Defendants.             :
                                    :
------------------------------------X

VICTOR MARRERO, United States District Judge.

This matter was filed by plaintiffs MHS Capital, LLC ("MHS") and East Coast Miner LLC ("ECM," collectively "Plaintiffs") against defendants Keith Goggin, Michael Goodwin, and John Collins (collectively "Defendants") in New York State Supreme Court, New York County. The complaint ("Complaint," Dkt. No. 1, Ex. 1) alleged state law claims of fraud, breach of fiduciary duty, and breach of contract against Defendants. Defendants removed the case to this Court pursuant to 28 U.S.C. Section 1452, which permits the removal of claims over which the district court has jurisdiction under 28 U.S.C. Section 1334 ("Section 1334") as "arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334. (Dkt. No. 1.) Defendants notified the Court that it would move to transfer venue to the United States District Court for the

Eastern District of Kentucky for referral to the Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court") because this matter "arises in" the Title 11 bankruptcy of United States Coal ("U.S. Coal") ("Bankruptcy Action"). (Dkt. No. 3.) At the same time, Plaintiffs informed the Court that it would move to remand the case to New York State Supreme Court on the grounds that the Complaint contained no basis for federal subject matter jurisdiction. (Dkt. No. 5.)

In a telephone conference with the Court held on April 7, 2016, Plaintiffs stated that it intended to file an amended complaint ("Proposed Amended Complaint") removing certain claims in the Complaint that might impact the bankruptcy estate and thereby confer jurisdiction under Section 1334. (See Dkt. Minute Entry for April 7, 2016.) The Court ordered the parties to confer regarding a stipulation to remand. Defendants declined to stipulate to remand of the action to state court, arguing that the Proposed Amended Complaint still includes claims that arise in the Bankruptcy Action. (Dkt. No. 22.) Plaintiffs have not yet filed their Proposed Amended Complaint. For the reasons stated below, upon its review of the Proposed Amended Complaint, the Court is persuaded that, as

modified, Plaintiffs' claims do not arise in or under the Bankruptcy Action. Accordingly, the Court will grant Plaintiffs leave to file their Proposed Amended Complaint and thereafter to move for remand on the basis of the Proposed Amended Complaint. Should Plaintiffs file such a motion, the Court anticipates, also based on the reasons and analysis stated below, that it will be granted.

## I. FACTUAL BACKGROUND[1]

ECM, a limited liability company, was formed for the purpose of purchasing a senior debt note from U.S. Coal in 2009 for $21 million. MHS provided $5 million in funding to ECM, which made up a 23.75% stake in ECM. ECM's investment in U.S. Coal was secured by the right to credit bid for U.S. Coal's assets if it entered bankruptcy, specifically the assets of a division of U.S. Coal called Licking River. Defendant Keith Goggin ("Goggin") was the manager of ECM and owned an 11.88% stake in ECM. Defendant Michael Goodwin ("Goodwin") owned a 10.69% stake, and a limited liability company of which defendant John Collins ("Collins") was a member owned a 6.65% share.

---

[1] The facts set forth in this section are drawn from the filings in this matter: Defendants' Notice of Removal Pursuant to 28 U.S.C. § 1452 and Plaintiff's Complaint (Dkt. No. 1), and subsequent correspondence with the Court (Dkt. Nos. 3-5, 11, 13-15, 17, 19, 22, 23). Unless specifically noted, no further citation will be made.

In May and June of 2014, involuntary petitions seeking relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sections 101 et seq. were filed against U.S. Coal and its subsidiaries. U.S. Coal is now in Chapter 7 bankruptcy proceedings.

Plaintiffs allege that Goggin, aided by defendants Collins and Goodwin, breached his fiduciary duty as manager of ECM by diverting the secured credit bid rights of ECM to Defendants. Goggin did so, Plaintiffs allege, by forming a new entity to bid on Licking River assets called Licking River Lenders, in which ECM's share of any interest was diluted by three other members: Goodwin, Goggin and another new entity called East Coast Miner II. Plaintiffs further assert that Goggin misappropriated ECM's confidential information in order to assign assets held by Licking River not to ECM, but to yet another entity wholly owned by Goggin and Collins called Ember Energy LLC ("Ember Energy"), for the purpose of achieving a business opportunity for himself to the detriment of ECM.

In creating these new entities for the purpose of diverting ECM's business interests, Plaintiffs allege, Goggin provided no information to MHS as a member of ECM and repeatedly denied MHS's requests for information,

including at least two formal demand letters for books and records. MHS was also asked to vote on a "Consent Package" approving ECM's actions that asked ECM's members to "ratify [all] actions I (Goggin) have taken so far on behalf of ECM" without any justification as to why such action was in the best interest of ECM. Proposal of the Consent Package, Plaintiffs contend, was a breach of fiduciary duty by Goggin.

Plaintiffs filed this case in New York Supreme Court, New York County in August 2015, alleging exclusively state law causes of action and seeking damages against Defendants in the amount of $35 million as well as access to documents and information regarding the events alleged in their Complaint. Defendants subsequently removed the case pursuant to 18 U.S.C. Section 1452.

## II. **BANKRUPTCY JURISDICTION**

Section 1334 gives federal district courts "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334. Here, the claims in the Proposed Amended Complaint do not "arise under" or "arise in" the Bankruptcy Action and therefore should be considered by the New York Supreme Court.

Defendants contend that the claims in the Proposed Amended Complaint "arise in" the Bankruptcy Action and therefore must be adjudicated by the Bankruptcy Court. "Arising in" jurisdiction refers to proceedings involving the administration and structuring of the estate that "would have no existence outside of the bankruptcy." Baker v. Simpson, 613 F.3d 346, 351 (2d Cir. 2010). The Second Circuit has outlined three factors that, if satisfied, suggest that a non-debtor contract dispute constitutes an "arising in" action: 1) the dispute is based on the rights established in a sale order issued by the bankruptcy court; 2) the dispute involves interpretation of the bankruptcy court's orders; or, 3) the dispute was already before the bankruptcy court as part of one of the party's claims against the estate. Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P., 487 B.R. 158, 162 (S.D.N.Y. 2013) (citing In re Petrie Retail, Inc., 304 F.3d 223, 230 (2d Cir. 2002)).

These factors are not present in this matter. Plaintiffs brought this case in state court alleging state law claims against non-debtor parties. The allegations in the Proposed Amended Complaint affirmatively state that Plaintiffs do not seek damages or other relief from the bankruptcy estate or reversal, overruling, or modification

- 6 -

of the Bankruptcy Court sale order. Plaintiffs' claims are not based on rights established in the sale order of U.S. Coal's assets; although the facts underlying the claims are related to matters at issue in the U.S. Coal bankruptcy, the claims Plaintiffs assert in this action are based in rights established by the contracts among Defendants, MHS, and ECM and governed by New York law. Further, although Plaintiffs are parties to separate proceedings before the Bankruptcy Court, the claims in this matter have not previously been presented before the Bankruptcy Court.

Because Plaintiffs allege that they were injured by the outcome of the sale of Ember Energy, Defendants argue, no claim for damages based on entering into or involving the Ember Energy transaction could exist but for the Bankruptcy Action. (Dkt. No. 22.) Defendants refer here to the factual causation linking the bankruptcy of U.S. Coal to the actions that form the basis of Plaintiffs' Proposed Amended Complaint. Simply put, had the bankruptcy not occurred, Plaintiffs would have suffered no harm and would not have filed suit. However, the "but for" analysis that Defendants set forth mistakenly describes the "arising in" jurisdiction analysis. Claims that "arise in" a bankruptcy case are claims that by their nature, not their particular

factual circumstance, could only arise in the context of a bankruptcy case. See Stoe v. Flaherty, 436 F.3d 209, 218 (3d Cir. 2006), as amended (Mar. 17, 2006); see also Langston Law Firm v. Mississippi, 410 B.R. 150, 154 (S.D.N.Y. 2008)(upholding bankruptcy court's decision to abstain in part because "[w]hile it is true that this dispute originates in the Debtor's bankruptcy proceeding and that it would not have arisen had the bankruptcy not occurred, appellant is incorrect that this action, by its nature, could only be brought in bankruptcy court."). The "principal constituents" of "arising in" jurisdiction are administrative matters such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, and orders permitting the assumption or rejection of contracts. See 1 Collier On Bankruptcy § 3.01[4][c][iv] at 3-31.

At most, the claims in the Proposed Amended Complaint are "related to" matters at issue in the Bankruptcy Action by virtue of the fact that the state claims are factually related to the proceedings in the Bankruptcy Action. Under Second Circuit law, if the outcome of litigation "might have any conceivable effect" on the bankruptcy estate, the

litigation "falls within the 'related to' jurisdiction of the bankruptcy court." In re Cuyahoga Equip. Corp., 980 F. 2d 100, 114 (2d Cir. 1992); see also Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 579 (2d Cir. 2011). Defendants have observed that certain of them may draw on U.S. Coal-owned insurance policies to cover defense costs. Even if that is so, that type of relationship would confer only "related to" jurisdiction rather than "arising in" jurisdiction. See Fried v. Lehman Bros. Real Estate Associates III, L.P., 496 B.R. 706, 710 (S.D.N.Y. 2013).

Under the mandatory abstention provision of Section 1334, 28 U.S.C. Section 1334(c)(2), a district court must abstain from hearing claims that are merely "related to" a pending bankruptcy proceeding where: (1) a timely motion for abstention has been brought; (2) the action is based upon a state law claim; (3) the action is related to a bankruptcy proceeding as opposed to "arising under" the Bankruptcy Code or "arising in" a case under the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action is Section 1334; (5) the action was commenced in state court; and (6) the action is capable of being timely adjudicated in state court. See Del. Tr. Co. v. Wilmington Trust, N.A., 534 B.R. 500, 512 (S.D.N.Y. 2015). A party is

not entitled to mandatory abstention if it fails to prove any one of the statutory requirements. In re WorldCom, Inc. Sec. Litig., 293 B.R. 308, 331 (S.D.N.Y. 2003).

Here, Plaintiffs immediately requested remand. The action was filed in state court alleging exclusively state law claims and, as discussed above, does not "arise in" or "arise under" the Bankruptcy Code. Diversity jurisdiction under 28 U.S.C. Section 1332 is not alleged in this case and no other basis for federal jurisdiction exists. Finally, nothing suggests that the matter would not be timely adjudicated in state court. The Second Circuit has suggested that the burden rests on the non-moving party to show that an action is not capable of timely adjudication in state court, which Defendants have not shown here. See Parmalat, 639 F.3d at 582 ("Placing the burden on the party seeking remand may nevertheless be inconsistent with the mandatory nature of abstention under Section 1334(c)(2) as well as the principles of comity, which presume that a state court will operate efficiently and effectively.").

Because the state law claims in the Proposed Amended Complaint do not "arise in" the Bankruptcy Action and because Section 1334 requires abstention where a claim is only "related to" bankruptcy and no independent basis for

federal subject matter jurisdiction exists, the Court is persuaded that Plaintiffs' Proposed Amended Complaint should be filed and then remanded to New York Supreme Court.

### III. SUPPLEMENTAL JURISDICTION

Defendants argue that even if Plaintiffs are granted leave to file their Proposed Amended Complaint containing exclusively state law claims, the Court should retain supplemental jurisdiction under 28 U.S.C. Section 1367 ("Section 1367") over those claims that are part of the same case or controversy as the federal claims in the Complaint conferring jurisdiction under Section 1334.

Under Section 1367, "district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Once a district court's discretion is triggered under Section 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

The early stage in the litigation at which federal law claims are dismissed is one factor that may weigh against exercising supplemental jurisdiction. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003) (observing that where federal claims were dismissed at an early stage and the remaining claims involved issues of unsettled state law, the Second Circuit had found exercise of supplemental jurisdiction to be an abuse of discretion). Ordinarily, "if [all] federal claims are dismissed before trial . . ., the state claims should be dismissed as well." Motorola Credit Corp. v. Uzan, 388 F.3d 39, 56 (2d Cir. 2004) (emphasis in original) (quoting Castellano v. Bd. of Trs. of Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991)). Here, the case has not advanced to trial, to discovery, or at all past the initial stage of filing the original Complaint. Although the state law claims of fraud, breach of contract, and breach of fiduciary duty are not complex or unsettled, considerations of fairness and comity favor deciding Plaintiffs' state law claims in state court. See Kolari, 455 F.3d at 118 ("[A]s in the usual case in which all federal-law claims are eliminated before trial, the Cohill factors point toward declining to exercise jurisdiction over the remaining state law claims.").

Defendants suggest that Plaintiffs are "pulling the rug out from under" Defendants' feet by removing claims giving rise to federal jurisdiction in the Proposed Amended Complaint. (Dkt. No. 22.) As numerous other decisions have noted, though, it is not manipulative for Plaintiffs to seek to bring claims in state court by asserting only state claims, legitimately avoiding diversity jurisdiction, or dropping a party that has asserted a federal defense. See, e.g., Smith v. Anchor Packing Co., No. 08 Civ. 7219, 2008 WL 4899258, at *3 (S.D.N.Y. Nov. 12, 2008); Spehar v. Fuchs, No. 02 Civ. 9352, 2003 WL 23353308, at *11 (S.D.N.Y. June 18, 2003) (Where plaintiffs moved for leave to amend and remand immediately after removal, the amendment disposed entirely of the federal claim, and the plaintiffs did not invoke federal laws, amendment was not "manipulative."); Certilman v. Becker, 807 F. Supp. 307, 309-10 (S.D.N.Y. 1992) ("[T]he Court is not convinced that merely omitting a federal law claim from an Proposed Amended Complaint . . . is a sufficient basis not to grant an otherwise proper remand to state court.").

Given that Plaintiffs initially sought to have their claims adjudicated in state court, moved for remand early in the litigation, and are entitled to amend their

complaint as of right, there is no significant evidence of manipulation here that would offset the balance of factors weighing against the exercise of supplemental jurisdiction.

Plaintiffs have not yet filed their Proposed Amended Complaint in this Court. Although the Court will not remand this matter solely based on Plaintiffs' declared intention to remove claims giving rise to bankruptcy jurisdiction from the original Complaint, see Maguire v. A.C. & S., Inc., 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014), the Court will grant Plaintiffs leave to file, within ten (10) days, the Proposed Amended Complaint limited to state law claims that do not "arise in" the Bankruptcy Action. Upon the filing of the Proposed Amended Complaint, the issue of whether supplementary jurisdiction over the state law claims is proper will be clearly presented. On the basis of the analysis above, however, the Court anticipates that it would deny exercise of supplemental jurisdiction over any remaining state law claims and grant the Plaintiffs' motion to remand.

## IV. ORDER

Accordingly, it is hereby

**ORDERED** that plaintiffs MHS Capital LLC and East Coast Miner LLC ("Plaintiffs") are granted leave to file, within ten (10) days of the date of this Order, the Proposed Amended Complaint in this matter, at which time the Court will consider a motion to remand the Proposed Amended Complaint to New York State Supreme Court.

**SO ORDERED.**

Dated:   New York, New York
         13 June 2016

                                          Victor Marrero
                                             U.S.D.J.