USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
MHS CAPITAL, et al.,

                Plaintiffs,

     - against -

KEITH GOGGIN, et al.,

                Defendants.

------------------------------------X

16-cv-1794 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiffs MHS Capital, LLC ("MHS") and East Coast Miner LLC ("ECM," collectively "Plaintiffs") brought this action against defendants Keith Goggin, Michael Goodwin, and John Collins (collectively "Defendants") in New York State Supreme Court, New York County. The original complaint ("Complaint," Dkt. No. 1, Ex. 1) alleged state law claims of fraud, breach of fiduciary duty, and breach of contract against Defendants. Defendants removed the case to the Southern District of New York under 28 U.S.C. Section 1452, which permits the removal of claims over which the district court has jurisdiction under 28 U.S.C. Section 1334 ("Section 1334") as "arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334. (Dkt. No. 1.) Defendants notified the Court that they would move to transfer venue to the United States

District Court for the Eastern District of Kentucky for referral to the Bankruptcy Court for the Eastern District of Kentucky ("Bankruptcy Court") because this matter "arises in" the Title 11 bankruptcy of United States Coal ("U.S. Coal") ("Bankruptcy Action"). (Dkt. No. 3.) Plaintiffs informed the Court that they would move to remand the case to New York State Supreme Court on the grounds that the Complaint contained no basis for federal subject matter jurisdiction. (Dkt. No. 5.)

Plaintiffs informed the Court and Defendants in a telephone conference that Plaintiffs intended to amend the Complaint to remove any claims that might impact the bankruptcy estate and thereby confer jurisdiction under Section 1334. (See Dkt. Minute Entry for Apr. 7, 2016.) The Court ordered the parties to confer regarding a stipulation to remand, but Defendants declined to stipulate to remand of the action. (Dkt. No. 22.)

On June 13, 2016, the Court granted Plaintiffs leave to file an amended complaint ("Amended Complaint") removing claims that might impact the bankruptcy estate. ("June 13 Order," Dkt. No. 24.) In the June 13 Order, the Court detailed its reasoning as to why: 1) the claims in the Amended Complaint do not "arise in" or "arise under" the

Bankruptcy Action and therefore must be remanded to New York Supreme Court and 2) the Court should not retain supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 over claims that are part of the same case or controversy as the claims in the Complaint conferring jurisdiction under Section 1334. In determining that the claims do not "arise in" the bankruptcy action, the Court found:

> The [Amended Complaint] affirmatively state[s] that Plaintiffs do not seek damages or other relief from the bankruptcy estate or reversal, overruling, or modification of the Bankruptcy Court sale order. The allegations in the [Amended Complaint] are not based on rights established in the sale order of U.S. Coal's assets; although the facts underlying the claims are related to matters at issue in the U.S. Coal bankruptcy, the claims Plaintiffs assert in this action are based in rights established by the contracts among Defendants, MHS, and ECM and governed by New York law. (June 13 Order, Dkt. No. 24 at 6-7.)

The Court further found that the Amended Complaint satisfied the factors required for mandatory abstention under 28 U.S.C. Section 1334(c)(2), specifically: (1) a timely motion for abstention has been brought; (2) the action is based upon a state law claim; (3) the action is related to a bankruptcy proceeding as opposed to "arising under" the Bankruptcy Code or "arising in" a case under the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action is Section 1334; (5) the action was

- 3 -

commenced in state court; and (6) the action is capable of being timely adjudicated in state court. See Del. Tr. Co. v. Wilmington Trust, N.A., 534 B.R. 500, 512 (S.D.N.Y. 2015).

In determining that the exercise of supplemental jurisdiction would not be warranted in this matter, the Court observed in the June 13 Order that under 28 U.S.C. Section 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction." (Dkt. No. 24 at 11.) It found that in this case, "as in the usual case in which all federal-law claims are eliminated before trial," Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 119 (2d Cir. 2006)), considerations of judicial economy, convenience, fairness and comity counsel toward declining to exercise jurisdiction over the remaining state law claims:

> Here, the case has not advanced to trial, to discovery, or at all past the initial stage of filing the original Complaint. Although the state law claims of fraud, breach of contract, and breach of fiduciary duty are not complex or unsettled, considerations of fairness and comity favor deciding Plaintiffs' state law claims in state court. (June 13 Order, Dkt. No. 24 at 12.)

Plaintiffs filed the Amended Complaint on June 14, 2016. (Dkt. No. 27.) By letter dated June 15, 2016,

- 4 -

Plaintiffs moved to remand this action to New York Supreme Court. (Dkt. No. 28.)

For the reasons stated in the June 13 Order and mentioned above, the Court is persuaded that the claims in the Amended Complaint should be remanded to New York Supreme Court and that the exercise of supplemental jurisdiction over the state law claims in the Complaint is not warranted.

Accordingly, it is hereby

**ORDERED** that this action is remanded to the Supreme Court of New York, New York County; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   New York, New York
         23 June 2016

_____
Victor Marrero
U.S.D.J.